IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAMARATUNGA FAMILY TRUST, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. |
| AMERICAN TEXAS TOWERS, INC. and AMERICAN TOWERS, LLC d/b/a AMERICAN TEXAS TOWERS, INC. | § § § § | |
| *Defendant.* | | |

## NOTICE OF REMOVAL

Defendant American Towers LLC, improperly named as American Towers, LLC, ("Defendant") removes this action from the 428th Judicial District Court of Hays County, Texas to the United States District Court for the Western District of Texas, Austin Division under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

### STATE COURT ACTION

1. Plaintiff Samaratunga Family Trust ("Plaintiff") filed *Plaintiff's Original Petition* (the "Petition") on January 12, 2017, in the 428th Judicial District Court of Hays County, Texas. The case is styled *Samaratunga Family Trust v. American Texas Towers, Inc. and American Towers, LLC d/b/a American Texas Towers, Inc.*, Cause No. 17-0071 (the "State Court Action").

2. In the State Court Action, Plaintiff complains that Defendant breached the terms of an easement. Plaintiff asserts claims for breach of contract, abandonment of an easement, and violations of the Texas Theft Liability Act. *See* Petition at ¶¶ 13-29.

## PROCEDURAL REQUIREMENTS

3. Removal to this Court is proper because the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

4. Attached as Exhibit "A" is a true and correct copy of all process, pleadings, and orders served upon Defendant in the State Court Action. 28 U.S.C. § 1446(a).

5. Removal is timely because this Notice of Removal is filed within thirty (30) days of Defendant's receipt of the Petition. 28 U.S.C. § 1446(b).

6. Defendant will promptly give written notice of this notice of removal to Plaintiff and will file a copy of this notice of removal with the clerk of the state court where the State Court Action has been pending. 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION

7. Diversity jurisdiction is available when: (A) there is complete diversity of citizenship among the parties; and, (B) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). As illustrated below, diversity jurisdiction is present in this case:

### A. DIVERSITY OF CITIZENSHIP

8. Plaintiff is a family trust. The citizenship of such a trust is determined by the trustee's citizenship. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1016 (2016). The trustee for Plaintiff is Vickie Samaratunga. *See* Petition at ¶ 7. A natural person, such a Ms. Samaratunga, is a citizen of the state where that person is domiciled. *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Upon information and belief, Ms. Samaratunga is domiciled in Texas. Therefore, Plaintiff is a Texas citizen for diversity purposes.

9.  Defendant American Towers LLC is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). American Towers LLC's sole member is American Tower Corporation ("ATC"). As a corporation, ATC is a citizen of every state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). ATC is a Delaware corporation with its principal place of business in Massachusetts. Accordingly, ATC is a citizen of Delaware and Massachusetts for diversity purposes—as is Defendant American Towers, LLC.[1]

10. Plaintiff and American Towers LLC are not citizens of the same state, and therefore, complete diversity exists in this case. 28 U.S.C. § 1332(a); *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

**B.  AMOUNT IN CONTROVERSY**

11. Removal is proper when, more likely than not, the amount in controversy exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]"). The defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Greenberg*, 134 F.3d at 1253.

---

[1] Plaintiff also named American Texas Towers, Inc. as a defendant. That entity was merged into Defendant American Towers LLC in 2011. *See* Exhibit "B." As such, the citizenship of Defendant American Towers LLC is the only consideration for diversity purposes in this case.

12. To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorneys' fees. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003).

13. Plaintiff seeks to recover as damages all license fees received by Defendant from the time the first license was effective through the resolution of this lawsuit. *See* Petition at p. 12. The license fees at issue received by Defendant exceed $75,000.[2]

14. In addition, Plaintiff seeks recovery of exemplary damages in an undisclosed amount. *See* Petition at p. 12.

15. Further, Plaintiff seeks attorneys' fees in an undisclosed amount. *See* Petition at p. 12.

16. When Plaintiff's alleged economic damages are combined with the request for exemplary damages and attorneys' fees, the amount in controversy exceeds the jurisdictional minimum of $75,000.

17. Because there is complete diversity among the parties and because the amount in controversy is greater than $75,000, this case is removable pursuant to 28 U.S.C. §§ 1441, and 1332.

### CONCLUSION

Defendant removes this action from the 428th Judicial District Court of Hays County, Texas to the United States District Court for the Western District of Texas, Austin Division, so that the Court may assume jurisdiction over the case as provided by law.

---

[2] The license agreement(s) entered into between Defendant and its customers are confidential and proprietary. In the event Plaintiff disputes that the amount-in-controversy requirement is satisfied for this Court's jurisdiction, Defendant offers to provide copies of such license agreement(s) for an in camera inspection by the Court.

Respectfully submitted,

By: */s/ David L. Swanson*
David L Swanson
  State Bar No. 19554625
  dswanson@lockelord.com
Jason R. Marlin
  Texas Bar No. 24050989
  jmarlin@lockelord.com

LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 – Facsimile
**Attorneys for American Towers LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this *Notice of Removal* and all exhibits thereto was served on the following counsel of record via U.S. Mail on February 10, 2017:

Patrick L. Reznik
Braun & Gresham
14101 Highway 290W, Suite 1100
Austin, Texas 78737
Tel: 512.894.5426
Fax: 512.894.3405
preznik@braungresham.com
***Counsel for Plaintiff***

*/s/ Jason R. Marlin*
Jason R. Marlin