IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAMARATUNGA FAMILY TRUST, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | NO. 1:17-CV-00097-LY |
| AMERICAN TEXAS TOWERS, INC. | § | |
| and AMERICAN TOWERS, LLC d/b/a | § | |
| AMERICAN TEXAS TOWERS, INC. | § | |
| | § | |
|     *Defendants*. | § | |

### MOTION TO DISMISS

Defendant American Towers LLC, improperly named as American Towers, LLC, ("American Towers") files this Motion to Dismiss Plaintiff's Original Petition (the "Complaint") filed by the Samaratunga Family Trust (the "Trust") under Rule 12(b)(6), FED. R. CIV. P. and Local Rule CV-7, and states:

#### INTRODUCTION

The Court should dismiss the Complaint because it fails to state a claim upon which relief may be granted. The Complaint contains various claims all related to, and allegedly arising from, a 1966 easement (the "Easement").[1] The recorded Easement is unambiguous and allows the grantee—and its successors and assigns—to operate a "microwave" communications station.

The Trust's claims, stated in the alternative, are that American Towers: (1) breached the Easement's terms by using it for an impermissible purpose; (2) is liable to the Trust for funds generated through license fees based on an implied contract theory; (3) abandoned the Easement

---

[1] A copy of the Easement is attached to the Complaint (Doc. 4, p. 5) as Exhibit "2." However, the copy attached to the Complaint is largely illegible. As such, American Towers attaches a more legible copy hereto as Exhibit "A."

**Motion to Dismiss**      **Page 1**

by not using it for its original purpose; or, (4) is liable to the Trust under the Texas Theft Liability Act by is using the land after the Easement was abandoned.

Whether the Complaint states a claim for relief turns on a legal issue: whether the Easement allows for operation of a "cellular" communications station.[2] Even if cellular transmission is not microwave transmission, cellular communication would still be permissible under the Easement and Texas law because Texas law provides that technological advances do not violate an easement so long as the easement's "original purpose" remains unchanged. The Easement's original purpose was a communication station, and nothing in the Complaint contends that such purpose has been thwarted; in fact, the Complaint makes clear that the original purpose (communication) is unchanged.

## STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations must raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Id*. at 555. A complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## FACTUAL BACKGROUND

1. This dispute involves certain real property in Hays County (the "Property"), more properly described at Exhibit "1" to the Complaint. The Property is subject to the Easement. Complaint at ¶ 1.

---

[2] American Towers does not concede microwave and cellular do not both involve microwave transmission of information; rather, for purposes of this motion, American Towers contends that, even if they are different, the difference is immaterial.

**Motion to Dismiss**                                                                                                          **Page 2**

2.  Since 1994, American Towers has been the grantee under the Easement. Complaint at ¶ 1 and its Exhibit "4."

3.  The Easement allows the grantee to operate and maintain a "microwave station" on the Property, as well as to erect and construct a tower, communication lines, and other appropriate apparatus. *See* Exhibit "A." A communications tower is located on the Property. Complaint at ¶ 5.

4.  In 2001, American Towers entered into a license with New Cingular Wireless, PCS, LLC ("New Cingular"). Complaint at ¶ 5. A redacted copy of the license is attached hereto as Exhibit "B."[3] The license allows New Cingular to conduct cellular communications from the communications tower. Complaint at ¶ 6.

5.  In 2015, the Trust acquired the Property. Complaint at ¶ 5.

6.  The Trust filed suit on January 12, 2017.

## ARGUMENT & AUTHORITIES

**I.  All Claims Fail Under the Doctrine of Technological Advancement.**

Courts interpret easements according to principles of contract construction, and do so as a matter of law. *CenterPoint Energy Houston Electric LLC v. Bluebonnet Drive, Ltd.*, 264 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). In reviewing the granting language of an easement, courts must resolve all doubts about the parties' intent against the grantor and must confer on the grantee the greatest estate permissible under the easement. *Id*. at 388-89.

Texas law recognizes that the manner of an easement's use may change over time to accommodate technological advancements. *CenterPoint*, 264 S.W.3d at 389 (citing *Marcus*

---

[3] A court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ*., 343 F.3d 533, 536 (5th Cir. 2003)). The agreement with New Cingular may be considered in ruling on this motion because the agreement is referred to in the Complaint and is central to Plaintiff's claims because it forms the basis of the alleged easement violation and Plaintiff's alleged damages.

*Cable Assoc., L.P. v. Krohn*, 90 S.W.3d 697, 701 (Tex. 2002)). As such, there is "some flexibility in determining an easement holder's rights," as long as the changes respect the **original purpose** stated in the terms of the grant. *Id.* (emphasis added) (citing *Marcus Cable*, 90 S.W.3d at 701) (citing RESTATEMENT (THIRD) OF PROPERTY (SERVITUDES) § 4.10 & cmt. a (noting that manner, frequency, and intensity of easement may change to take advantage of technological advances, but only for purposes for which easement was created).

In *CenterPoint*, the Houston court of appeals addressed the scope of an easement after advancements in cellular communications technology. In that dispute, CenterPoint was the grantee of an easement from 1926 that allowed for electric transmission and distribution lines, including telephone and telegraph wires. *Id.* at 385. In 1998 (a time when telegraph communications were largely obsolete), CenterPoint entered into an agreement with Sprint to install cellular communications equipment on the existing towers. *Id.* The plaintiffs purchased the property in 2004 and sued CenterPoint shortly thereafter, claiming that the use of cellular communications exceeded the scope of the easement. After a jury trial resulted in a favorable verdict for the plaintiffs, the court of appeals reversed and rendered—finding that the easement was not violated as a matter of law. *Id.* at 391. The appellate court found that although technology had changed since 1926, the purpose of the easement was to allow for communications to be emitted from the property—simply changing from telegraph to cellular communications was a permissible use under the easement because the purpose of the easement remained unchanged. *Id.* at 391-92.

The present case is remarkably similar to *CenterPoint*.[4] The Easement is from 1966—a time when it was common for communications to be transmitted via microwaves. The express

---

[4] In both cases, a well-established easement is at issue. Also in both cases, the plaintiffs recently purchased the property and immediately sought to invalidate the easement.

purpose of the Easement is to allow the grantee to construct towers and poles for the purpose of emitting communications. *See* Exhibit "A" (allowing for the erection and construction of a "tower," "electrical and communication lines," and other appropriate apparatus). If cellular transmissions do not involve microwaves (an issue the Court need not reach in deciding this Motion), it follows that the Trust contends cellular transmissions replaced microwave transmissions. If the Trust's allegation is accepted as true, the Trust fails to state a claim as a matter of law because mere technological advancement does not absolve an easement so long as the original purpose remains. In *CenterPoint*, the court recognized the shift from telegraphs in the 1920s to cellular communications today. Nowhere in its Complaint does the Trust contend that the Easement's **original purpose**—to allow for communications—has changed or been lost. Instead, the Trust merely asserts that cellular communication differs from microwave. Even if accepted as true, the Trust's allegations are insufficient to state a claim and all claims should be dismissed.

## II.     Breach of Contract

The Trust's breach of contract claim also fails because it is barred by limitations. The statute of limitations for breach of contract is four years. TEX. CIV. PRAC. & REM. CODE § 16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). The Trust alleges American Towers breached the Easement by contracting with New Cingular for the purpose of conducting cellular communications from the Property. Complaint at ¶¶ 5-6. The agreement between American Towers and New Cingular is from 2001. *See* Exhibit "B." The Trust filed suit on January 12, 2017, which is more than 15 years after the alleged breach.

### III. Implied Contract/Unjust Enrichment

The Trust's implied contract/unjust enrichment claim also fails for two additional reasons.

***First***, Texas law prohibits claims based on an implied contract when a valid, express contract covers the subject matter of the dispute. *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (citations omitted); *Nichols v. Heslep*, 273 F.3d 1098, 2001 WL 1066919, at *2 (5th Cir. 2001) ("recovery for unjust enrichment is impermissible where the same subject is covered by an express contract.") (internal quotations omitted). The Trust's implied contract claim is that the Easement does not permit American Towers to enter into a license or agreement with New Cingular to operate cellular communications. Whether the conduct is permissible is governed by the Easement, which is an express contract. Where, as here, there is an express agreement, the Trust cannot maintain an implied contract claim.

***Second***, any implied contract claim is barred by limitations. TEX. CIV. PRAC. & REM. CODE § 16.051; *Stine*, 80 S.W.3d 592. The Trust contends American Towers breached an implied contract by entering into the 2001 license agreement with New Cingular. *See* Exhibit "B." The Trust filed suit on January 12, 2017, which is more than 15 years after the alleged breach.

### IV. Abandonment of Easement

The Trust's request for declaratory relief that the Easement was abandoned also fails due to insufficient factual allegations. The Trust contends that American Towers misused the Easement, and, therefore, abandoned it. Complaint at ¶ 22. Texas courts and the Fifth Circuit have held that simply misusing an easement is not a basis for abandonment. *See e.g., Spool Stockyards Co. v. Chicago, Rock Island and Pacific RR Co.*, 353 F.2d 263, 266 (5th Cir. 1965)

("Misuse alone does not constitute a basis for termination of an easement, unless the misuse makes it impossible to effectuate the purposes for which the easement was created") (internal citations omitted); *see also Smith v. Huston*, 251 S.W.3d 808, 828 (Tex. App.—Fort Worth, 2008, pet denied) ("an easement is not forfeited by a grantee's failure to abide by its terms and conditions."). Because the Trust's Complaint does not allege anything more than a purported misuse, the request for a declaration that the Easement was abandoned fails.

## V.     Trespass

The Trust's trespass claim also fails for two other reasons.

*First*, the Trust alleges it has a trespass claim because the Easement was abandoned. Complaint at ¶ 25. As explained above, the Easement could not be abandoned through alleged misuse. Without a cognizable basis for abandonment, the trespass claim fails as a matter of law.

*Second*, the Trust's trespass claim is barred by limitations. TEX. CIV. PRAC. & REM. CODE § 16.003. The Trust alleges American Towers began trespassing when it licensed New Cingular's right to conduct cellular communications on the Easement. Complaint at ¶ 25. The license agreement was executed in 2001. *See* Exhibit "B." Any putative trespass claim is barred by the applicable 2-year statute of limitations.

## VI.    Theft Liability Act

The Trust's Theft Liability Act claim also fails for two more reasons.

*First*, the Trust alleges it has theft claim, like it does with its trespass claim, because the Easement was abandoned. Complaint at ¶ 28 (alleging that "[b]ecause Defendant has abandoned its Easement, Defendant's authorization of licenses constitute a violation of the Texas Theft Liability Act.") As explained above, the Easement could not be abandoned through alleged misuse. Without a cognizable basis for abandonment, the Trust's theft claim fails.

*Second*, any Theft Liability Act claim is barred by limitations. The Trust contends the theft occurred when American Towers entered a license with New Cingular in 2001. The limitations period for theft of real property is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). The Trust's putative theft claim is time barred.

## CONCLUSION

The Trust's Complaint does not allege a claim upon which relief may be granted as a matter of law. American Towers requests that the Court grant its Motion to Dismiss, dismiss the Trust's claims with prejudice, and grant American Towers such additional and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Jason R. Marlin*
David L Swanson
  State Bar No. 19554625
  dswanson@lockelord.com
Jason R. Marlin
  Texas Bar No. 24050989
  jmarlin@lockelord.com

LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 – Facsimile
**Attorneys for Defendant American Towers LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this *Motion to Dismiss* was served on the following counsel of record via U.S. Mail on February 17th, 2017:

Patrick L. Reznik
Braun & Gresham
14101 Highway 290W, Suite 1100
Austin, Texas 78737
Tel: 512.894.5426
Fax: 512.894.3405
preznik@braungresham.com
*Counsel for Plaintiff*

*/s/ Jason R. Marlin*
Jason R. Marlin