# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| SAMARATUNGA FAMILY TRUST | § | |
| | § | |
| V. | § | A-17-CV-097 LY |
| | § | |
| AMERICAN TOWER, INC. et al. | § | |

## ORDER

Before the Court are Defendant's Motion for Attorney's Fees and Costs (Dkt. No. 19); and Plaintiff's Opposition (Dkt. No. 25). The District Judge has referred all matters in this case to the undersigned for resolution or recommendation. Dkt. No. 30. Because the motion is non-dispositive the Court has the power to resolve the motion. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72; Rule 1(c) of Appendix C of the Local Court Rules.

In the motion, American Towers moves for an award of attorney's fees and costs based upon the undersigned's Report and Recommendation on American Tower's motion to dismiss (Dkt. No. 10), and the District Court's adoption of that Report and Recommendation (Dkt. No. 11). The R&R recommended that the Plaintiff's Texas Theft Liability Act claim be dismissed. American Towers asserts that under the statute, it is mandatory that the "prevailing party" be awarded attorneys' fees and costs. *Merritt Hawkins & Assoc., L.L.C. v. Gresham*, 861 F.3d 143, 155-57 (5th Cir. 2017). It requests $29,667.93 in combined fees and costs. Samaratunga Family Trusts opposes the motion.

The Court will deny the motion because it is premature. Local Rule CV-7(j)(1) ("Claims for Attorney's Fees") states:

> (1) Unless the substantive law requires a claim for attorney's fees and related nontaxable expenses to be proved at trial as an element of damages to be determined by a jury, a claim for fees shall be made by motion not later than 14 days after entry of judgment pursuant to Federal Rule of Civil Procedure 54(d)(2) and pursuant to [the terms of the local rule].

Among other things, Local Rule CV-7(j) requires that no motion for attorney's fees may be filed until the attorneys have met and attempted to resolve all of the issues they can related to motion. As far as the Federal Rules are concerned, Rule 54 also contemplates that attorney's fees be taken up after judgment. It further provides that:

> [w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Under Rule 54, the order adopting the undersigned's recommendation and dismissing the Texas Theft Liability Act claim is not a final appealable order, and thus no "judgment" as to that claim has been entered. Because the order dismissing the Texas Theft Liability Act claim in not a judgment, Defendant's Motion is premature.[1]

For the reasons stated above, Defendant's Motion for Attorney's Fees and Costs (Dkt. No. 19) is **DENIED** without prejudice to being reurged after judgment, if appropriate.

SIGNED this 11th day of January, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The motion also lacks the required certificate of conference and could be denied on this basis as well.