# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SAMARATUNGA FAMILY TRUST | § | |
| | § | |
| V. | § | A-17-CV-097 AWA |
| | § | |
| AMERICAN TOWER, INC. et al. | § | |

## ORDER

Before the Court are Defendant's Motion to Strike Rod E. Wetsel (Dkt. No. 38); and Plaintiff's Opposition (Dkt. No. 39). In the motion, American Towers, LLC moves to prevent the Plaintiff from calling as an expert witness in this case attorney Rod E. Wetsel, who Plaintiffs have identified as a testifying expert witness. American Towers argues that Wetsel's proposed testimony is not admissible because it amounts to legal conclusions that invade the Court's authority.

This is a suit involving the scope of an easement. The Samaratunga Family Trust is the owner of a three-quarter acre tract of land in Hays County, Texas. The property includes a tower that was originally constructed nearly 50 years ago by Shell Pipe Line Corporation to house a microwave station used to monitor a gas pipeline. The owners of the land at that time granted Shell a perpetual easement that allowed it to " erect, construct, operate, inspect, maintain, repair, renew, substitute, and remove a microwave station and all appurtenances thereto . . ." Dkt. No. 5-1 at 4-5. In 1994, Shell sold the tower to Bowen-Smith Corporation, which, through a series of name changes and mergers, became American Towers. In 2001, American Towers entered into an agreement with New Cingular Wireless, PCS, LLC allowing New Cingular to install cellular communications equipment on the tower. Fourteen years later, SFT acquired the property. After becoming aware that New Cingular had cellular equipment on the tower, SFT filed this suit, arguing that the cell equipment goes beyond what the easement allows, and therefore is a breach of the easement.

American Towers challenges Wetsel's testimony in two categories—those in which he offers opinions on: (1) the scope of the easement, and whether it permits the current use; and (2) what fair compensation would be for an easement that permits New Cingular's equipment.[1] American Towers argues that this proposed testimony amounts to legal conclusions which are inadmissible and irrelevant. "The admission or exclusion of expert testimony is a matter left to the discretion of the trial court." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). While Federal Rule of Evidence 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue, " the Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." *Snape-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *see also Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Although "merely being a lawyer does not disqualify one as an expert witness," a lawyer may only testify as an expert where the proposed testimony involves questions of fact. *Askanase v. Fatjo*, 130 F.3d 657, 672 (5th Cir. 1997).[2]

---

[1] Wetsel has also been designated as an expert on attorney's fees. The Court advises the parties that the Local Court Rules provide for that issue to be raised after judgment, and preferably through written submission. *See* Local Rule CV-7(j); FED. R. CIV. P. 54(d)(2).

[2] Separating legal conclusions from admissible testimony can be difficult. The Fifth Circuit has noted that "[t]he example given in the Advisory Committee Notes to Rule 704 is helpful." *Owen*, 698 F.2d at 240. It continues:

> The question "Did T have capacity to make a will?" should be excluded. The question "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" is permissible. The first question is phrased in such broad terms that it could as readily elicit a legal as well is a fact based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read.

*Id.*

As noted, Wetsel proposes to offer testimony regarding the scope of the easement and whether it permits the New Cingular equipment and operations. Wetsel summarizes Texas law on the issue of easements and then states his opinion on the easement's scope. This portion of his testimony invades the province of the Court. Expert testimony on contract interpretation is generally inadmissible, and that is precisely what Wetsel's opinion on the scope of the easement is. *Am. Home Assur. Co. v. Cat Tech, L.L.C*, 717 F. Supp. 2d 672, 682 (S.D. Tex. 2010) rev'd on other grounds, 660 F.3d 216 (5th Cir. 2011). Additionally, Wetsel's summary of Texas law regarding easements is not admissible. It is the province of the judge, not an expert, to instruct the jury on the legal standards applicable to a case. *See Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997). As the court in *Burkhart* put it, "[e]ach courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Id.*; *see also Apache Corp. v. W&T Offshore, Inc.*, 2016 WL 10672072, at *2 (S.D. Tex. Sept. 28, 2016). "Rule 704 does not allow an expert to render conclusions of law. This rule and the other Federal Rules of Evidence afford ample assurances against the admission of opinions which would merely tell the jury what result to reach." *United States v. Thomas*, 847 F.3d 193, 206 (5th Cir. 2017) (citations and quotations omitted). American Towers' motion to exclude Wetsel's testimony regarding the scope of the easement and Texas law is meritorious.

American Towers also moves to exclude Wetsel's testimony regarding the "typical" compensation paid to landowners for an easement of the sort at issue here. American Towers argues that the Court should exclude this testimony because compensation is not in issue, the opinion sets forth an impermissible measure of damages, and the opinion is not reliable. On the first point, American Towers asserts that SFT is not entitled to any compensation for the easement, because that

compensation was already paid to the prior landowner when Shell first acquired the easement. This, however, begs the liability question presented by this case. If the original easement did not permit use of the tower for cellular equipment, the original payment by Shell only covered using the tower for microwave communications. What fair compensation would be for an easement permitting cellular communications is a relevant question in the event the jury finds for SFT on the scope of the easement. Next, though the parties disagree on the proper measure of damages, the Court need not decide that question to determine if Wetsel's testimony is admissible. It is clear that Wetsel has the experience and knowledge to testify about reasonable compensation for an easement permitting the installation of cellular equipment, regardless of what the correct measure of damages is. That is enough to know that his testimony on damages is admissible. And the result is the same regarding American Towers' concerns about the reliability of Wetsel's opinions. Again, his knowledge and experience is sufficient to make him qualified to reliably opine on compensation, and the evidence gathered in the case, including evidence of what New Cingular has paid American Towers to install its equipment on the tower, will allow for a reliable opinion.

Accordingly, Defendant's Motion to Strike Rod E. Wetsel (Dkt. No. 38) is **GRANTED IN PART and DENIED IN PART** as set forth above.

SIGNED this 13th day of December, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE